IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA,

V.  CRIMINAL NO. 3:20CR19

CHRISTOPHER CASEY COOK

## MOTION FOR RECONSIDERATION OF BOND PENDING TRIAL

Mr. Christopher Casey Cook, by counsel, moves this Court, pursuant to 18 U.S.C. §3142(f) that Mr. Cook's pretrial detention order be reconsidered based upon the Government's request for continuance of trial due to the world-wide COVI-19 pandemic and the requirements of social distancing, and states as follows:

1.

Trial in this matter is currently scheduled for June 15, 2020. This case has previously been continued.

2.

On February 11, 2020, Magistrate Judge Roy Percy granted Mr. Cook pretrial release but placed several conditions upon him for his release including home detention and GPS monitoring.

3.

On April 17, 2020, the Government moved to revoke Mr. Cook's bond stating that he had violated various requirements of his release. Mr. Cook's violations can best be summarized as: 1) testing positive for narcotics on one occasion, 2) being outside the four walls of his residence by essentially being in his backyard and across the street at his mother's storage units, and 3) being in possession of a shotgun with a duct taped barrel and a rusted chamber. (Photographs of the shot gun are attached hereto as Exhibit "A").

−1−

4.

On April 22, 2020, a revocation hearing was held and Judge Percy ordered that Mr. Cook be detained pending trial. [Docket #31]. Other than being in possession of a rusted and duct taped shotgun, there is nothing about the violations of his pretrial release that go to the fundamental issues of whether Mr. Cook is a danger to the community and whether he will appear for court when required.

5.

The Government has now filed a second motion to continue trial claiming that Mr. Cook's case cannot go forward on June 15th due to the COVID-19 virus and the difficulty with conducting a trial in the era of social distancing. [Docket #41].

6.

Mr. Cook has opposed the Government's motion to continue. [Docket # 43]. Mr. Cook has been incarcerated for 48 days awaiting his day in court. Each day that goes by is punitive and thus offends his 5th Amendment due process rights.

7.

One of the more frustrating issues concerning this virus is that no one can give a date as to when social distancing will no longer be required. It is plausible that the Governor's most recent order "Safe Return" will remain in effect until a vaccine becomes available. Therefore, the social distancing measures imposed by Governor Reeves could remain in effect for the foreseeable future. Such social distancing measures will make it challenging to conduct jury trials. In the meantime, those pretrial detainees, like Mr. Cook, will remain jailed with no end in sight.

8.

In reviewing the factors provided in 18 USC §3142(g) for pretrial release, the offense does not involve violence, minor children, a controlled substance or firearms. As to the history and characteristics of Mr. Cook, he is 43 years old with a college degree from the University of

Mississippi in biology (i.e. pre-med). Mr. Cook attended medical school in Fort Lauderdale, Florida, from 2002 – 2004. Mr. Cook obtained a master's degree in educational administration in 2006. In 2016, Mr. Cook became a small business owner when he opened a hotel in Calhoun City, Mississippi. Mr. Cook has no prior felony criminal convictions. He has lived most of his life in Calhoun City, Mississippi.

Mr. Cook has several family ties within the northern district of Mississippi. His mother, Patricia Cook, resides in Calhoun County and is a retired public school teacher with no criminal history. Ms. Cook attended both detention hearings and testified that she would be willing to house Mr. Cook if so required and would also make sure that he attended all necessary court hearings. Mr. Cook's brother is the offensive coordinator for Ittawamba Community College's football team and has also attended one of Mr. Cook's detention hearings.

As for Mr. Cook's record concerning court appearances, in 2019 he attended his state court trial where the jury returned a not guilty verdict for the sale of a controlled substance.

9.

Pursuant to the ongoing pandemic and the Government's request for a continuance, Mr. Cook requests that his bond be reinstated. There exist conditions or a combination of conditions that will protect the community and assure Mr. Cook's presence at all necessary court appearances. If the Court grants bond then Mr. Cook will withdraw his opposition to the continuance of his trial.

Respectfully submitted,

CHRISTOPHER CASEY COOK

 */s/ Merrill K. Nordstrom*
MERRILL K. NORDSTROM, MSB No. 100815
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
Telephone: (662) 236-2889
Fax: (662) 234-0428
Merrill_nordstrom@fd.org

CERTIFICATE OF SERVICE

I, Merrill K. Nordstrom, attorney for the Defendant, Christopher Casey Cook, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following party will be notified electronically of filing:

> Hon. Paul Roberts, AUSA
> Paul.roberts@usdoj.gov

Dated this the 4th day of June, 2020.

> */s/ Merrill K. Nordstrom*
> MERRILL K. NORDSTROM
> Assistant Federal Public Defender